BUTTERFIELD (GALLAHUE v.). See Case No. 5,198.

BUTTERFIELD (UNITED STATES v.). See Cases Nos. 14,703 and 14,704.

---

## Case No. 2,251.

### BUTTERWORTH'S CASE.

[1 Woodb. & M. 323.] [1]

Circuit Court, D. Rhode Island. June Term, 1846.

NATURALIZATION—PRELIMINARY APPLICATION.

1. Receiving the preliminary application and oath of an alien to be naturalized, is a ministerial rather than a judicial act, and may be done before a clerk of the court as well as the court itself.

2. The act of congress of May 26th, 1824 [4 Stat. 69], authorizing this, applies to future no less than past cases.

Application of Thomas H. Butterworth to become a citizen of the United States. Applicant admitted to final examination.]

WOODBURY, Circuit Justice. In this case, the applicant had taken the preliminary oath as to his wish to become a citizen. But it appeared to have been taken before "the clerk" of the court, rather than before "the court," and the district judge, doubting whether this was a compliance with the act of congress, I have used some care to examine the question. Where applicants discover a disposition to comply with the wishes of congress, and do all which the spirit of the acts on this subject seems to demand, the inclinations of the court ought, in my view, to lean in favor of the petitioner. In this case, by the act of 14th April, 1802, c. 28 (2 Stat. 153), the alien must have declared on oath, before some court, his intention to become a citizen, &c., two years before he can be admitted. When that time has expired, he furnishes proof of his good character to the court, and is, after proper examination and an oath of allegiance, permitted to become a citizen, if the court is satisfied he has the proper qualifications.

It will be seen, that no judicial duty is to be performed by the court till the time of the taking of the second oath, and that the first one is taken and filed merely to give public and recorded notice of the intention to become a citizen. Taking it, then, before the clerk, and filing it with him, would seem to comply with all the spirit of the act, as the court are there not required to do anything as a court, but to have the oath administered and filed, and those are both acts done through or by the clerk. But besides this

---

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

reasoning in favor of that construction, congress by act of May 26, 1824, c. 186 (4 Stat. 69), provided further, that the first declaration under oath, "if the same has been made before the clerks of either of the courts," &c., "shall be as valid as if made before the said courts respectively."

The only doubt now is, whether that provision was intended to cover future cases as well as past ones of such oaths taken before clerks. Though the language covers the past, and was meant to, when the act passed, I think, for the reasons before named in favor of that oath being administered before the clerk rather than the court, or the clerk acting for the court for that mere ministerial purpose, congress meant to provide if in any future time, the preliminary declaration should be. presented and sworn to before a clerk, it should be valid, &c., as if sworn to before a court. There was as much reason for making it apply to future cases of that kind as to past ones; and it would save inconvenience and renewed legislation on the subject, to have it prospective as well as retrospective.

In addition to this, a cotemporaneous construction sprung up under it in many cities, to make and file those declarations with the clerk alone; and now to alter that practice, after twenty years, suddenly and on doubtful reasoning, to the great delay and loss of municipal and political rights, and much expense by many applicants, would, in my view, be hardly justifiable. In Gordon's Digest, both the old and new editions, the act of 1824 is treated as changing that of 1802 in this respect for the future. Page 435, § 1488. See, also, Conk. Pr. p. 497. The rest of the sections in the act of 1824 apply to the future as well as the past, and all laws are to be construed as prospective in their operation even more than retrospective, on the ground, that a law is most legitimately meant to be a guide or rule for future conduct. I am corroborated in these views by what I understand to be the practice in several other circuits of this court, where I have made inquiries.

Let the applicant be admitted to the final examination.